NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALTER ENRIQUE RODRIGUEZ-ALFARO,

    Petitioner,

 v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

No. 20-70859

Agency No. A095-790-176

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Walter Enrique Rodriguez-Alfaro, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The record does not compel the conclusion that Rodriguez-Alfaro established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5). Thus, Rodriguez-Alfaro's asylum claim fails.

In his opening brief, Rodriguez-Alfaro does not challenge the agency's adverse credibility determination. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). In the absence of credible testimony, we deny the petition for review as to Rodriguez-Alfaro's withholding of removal claim.

Substantial evidence supports the agency's denial of Rodriguez-Alfaro's CAT claim because it was based on the same evidence found not credible, and he does not point to any other record evidence that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Shrestha v. Holder*, 590 F.3d 1034, 1048-49 (9th Cir. 2010).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**